UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:19-cv-20328

SHAQUAN CHAMBLISS-HUGGINS,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
A foreign corporation,,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

Plaintiff, SHAQUAN CHAMBLISS-HUGGINS ("Plaintiff"), through undersigned counsel, sues Defendant, ROYAL CARIBBEAN CRUISES LTD. ("Defendant"), and demands trial by jury, stating as follows:

### PARTIES AND JURISDICTION

1.    Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2.    This Court has Diversity Jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state.

3.    Suit is filed in Federal Court because of the federal forum selection clause in the Passenger Contract Ticket issued by the Defendant.

4.    Plaintiff is entitled to a jury trial pursuant to Leslie v. Carnival Corp., 22 So. 3d 561,562 (Fla. 3d DCA 2008).

5. Plaintiff is *sui juris* and is a resident and citizen of the state of Florida.

6. Defendant is a foreign corporation who is authorized to conduct and who does conduct business in the State of Florida, who at all times material hereto was and is doing business in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County Florida.

7. Defendant is a foreign corporation, incorporated in Liberia.

8. Defendant is a citizen of the nation of Liberia.

9. Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

    b. Had an office or agency in this state and/or county; and/or

    c. Engaged in substantial activity within this state; and/or

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

10. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## FACTUAL ALLEGATIONS

11. At all times material hereto, Defendant owned, operated, maintained, managed, and/or controlled the cruise ship, the RCCL *Harmony of the Seas*.

12. On or about December 8, 2018, Plaintiff was a fare paying passenger on Defendant's vessel, the RCCL *Harmony of the Seas*, which was in navigable waters.

13. As Plaintiff was coming out of the elevator on the 8th deck of the RCCL *Harmony of the Seas* in front of Club Dazzle in City Park, she lost her footing on a wet surface that was not

objectively perceivable. As a result of the fall, the Plaintiff suffered traumatic injuries that included, but are not limited to, a torn meniscus.

14. At all times relevant, the surface where Plaintiff slipped, and the areas surrounding it, were unreasonably dangerous, risk-creating, defective, outdated, improperly designed, improperly installed, and/or otherwise unsafe.

15. The area lacked adequate safety features to prevent Plaintiff's fall.

16. These hazardous conditions were known, or should have been known, to Defendant in the exercise of reasonable care.

17. These hazardous conditions existed for a period of time before the incident.

18. These conditions were neither open nor obvious to Plaintiff.

19. At all times relevant, Defendant failed to adequately inspect the areas of Plaintiff's incident to ensure that they were reasonably safe, and in a reasonably safe condition, and failed to adequately warn Plaintiff of the known dangers.

20. At all times relevant, Defendant failed to eliminate the hazards.

21. At all times relevant, Defendant failed to properly maintain the areas.

22. At all times relevant, Defendant failed to properly maintain the floors in the areas.

23. At all times relevant, Defendant participated in the design and/or approved the design of the areas involved in Plaintiff's incident.

24. At all times relevant, Defendant participated in the installation and/or approved the installation of the areas involved in Plaintiff's incident.

25. At all times relevant, Defendant participated in the design and/or approved the design of the areas involved in Plaintiff's incident.

26. At all times relevant, Defendant failed to properly train and supervise its crew.

27. Furthermore, the lighting was inadequate to enable Plaintiff to notice any hazards pertaining to the floor(s), and Defendant utilized a dark floor color that prevented Plaintiff from noticing any hazards pertaining to the floor(s).

28. Furthermore, the handrails were inadequate to prevent Plaintiff's injuries.

## COUNT I – NEGLIGENCE

Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 28 as is set forth herein.

29. The Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

30. Such duties include, but are not limited to, the duty to provide its passengers reasonable care to inspect for and resolve dangerous, risk-creating, and hazardous conditions that passengers, including the Plaintiff, will likely encounter.

31. Such duties also include, but are not limited to, the duty to maintain its ship in a reasonably safe condition for the use and enjoyment of its passengers.

32. Such duties also include, but are not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

33. At all times material, the Defendant, through its vessel, crew, agents, employees, staff, and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

   a. Failing to inspect, clean, keep and maintain the subject areas, including the floors, and the adjacent areas, in a reasonably safe condition;

   b. Failing to install proper and reasonable safeguards to prevent passengers and people

      from being injured when traversing the subject area;

c. Failing to take proper precautions for the safety of passengers and people using or entering the subject areas;

d. Failing to warn Plaintiff of the risk-creating conditions of the subject areas, including the floors, and the adjacent areas;

e. Failing to warn of known dangerous design and/or other defects of the subject areas, including the floors, and the adjacent areas;

f. Failing to have adequate policies and procedures in place for inspection, cleaning and maintenance of the subject areas, including the floors, and the adjacent areas;

g. Creating a risk-creating condition and/or failing to remedy a risk-creating condition which was known by the Defendant and which in the exercise of reasonable care should have been known by the Defendant;

h. Negligently designing, approving, and/or failing to inspect and remedy the subject areas, including the floors, and the adjacent areas, such that slipping hazards, including liquids, did not adequately drain, and/or were allowed to form, and/or were allowed to accumulate, in the walking path of passengers who are exiting the elevator;

i. Failing to adequately train its crew to keep the subject areas, including the floors, and the adjacent areas, clean and free of hazards;

j. Failing to employ sufficient crewmembers or adequately trained crewmembers to properly inspect, clean, and maintain the area where Plaintiff's incident occurred, and Defendant knew or should have known that this area was inadequately staffed;

k. Failing to treat the subject areas, including the floors, and the adjacent areas, to prevent them from becoming unreasonably slippery, sticky, or otherwise

unreasonably dangerous;

l. Failing to provide adequate lighting to enable Plaintiff to notice any hazards pertaining to the floor(s) and/or utilizing a dark floor color that prevented Plaintiff from noticing any hazards pertaining to the floor(s);

m. Failing to comply with applicable standards, statutes, or regulations the violation of which is negligence per se and/or evidence of negligence.

n. Failing to otherwise maintain the area and the premises in a safe and reasonable manner;

o. Failing to properly and safely instruct passengers traversing the subject area of the risks involved;

p. Failing to warn Plaintiff and other passengers of prior similar incidents;

q. Failing to respond adequately to prior similar incidents and take corrective measures;

r. Failing to provide proper and adequate medical care in its infirmary, including, but not limited to, failing to diagnose Plaintiff's injuries and/or misdiagnosing her injuries, failing to properly treat her injuries, failing to provide her with copies of her shipboard medical and other records, and aggravating the severity of the injuries by the ship's medical staff; and/or

s. Through other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery.

34. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for the Defendant's negligence, Plaintiff's injuries would not have occurred.

35. Defendant either (a) had actual knowledge of the risk-creating conditions; (b) had constructive knowledge of the risk-creating conditions; (c) would have had knowledge of the risk-

creating conditions had the Defendant implemented proper methods of inspection; and/or (d) created the risk-creating conditions.

36. As a result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money.

37. The losses are either permanent or continuing in nature.

38. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, SHAQUAN CHAMBLISS-HUGGINS, demands Judgment against Defendant, ROYAL CARIBBEAN CRUISES LTD., for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre-and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, SHAQUAN CHAMBLISS-HUGGINS, demands trial by jury on all issues so triable.

**Dated:** January 24, 2019.

Respectfully submitted,

 /s/ Spencer M. Aronfeld
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Raul G. Delgado II, Esq.**
Florida Bar No.: 94004

**ARONFELD TRIAL LAWYERS**
www.Aronfeld.com
**Page 7 of 8**

> rdelgado@aronfeld.com
> **Matthias M. Hayashi, Esq.**
> Florida Bar No.: 115973
> mhayashi@aronfeld.com
> ARONFELD TRIAL LAWYERS
> 3132 Ponce de Leon Boulevard
> Coral Gables, Florida 33134
> P:      (305) 441.0440
> F:      (305) 441.0198
> *Attorneys for Plaintiff*